# EXHIBIT 5

## ESCROW AGREEMENT

THIS ESCROW AGREEMENT (the "**Agreement**") is entered into as of this 23rd day of December, 2020 (the "**Effective Date**"), by and between Epluno Global Services, LLC (the "**Buyer**"), Bluhome, LLC (the "**Seller**"), and McCulley McCluer, LLC (the "**Escrow Agent**").

WHEREAS, Buyer and Seller have, concurrently with the execution of this Agreement, entered into a contract whereby the Seller is selling certain products to the Buyer, the terms of which are set forth in a Purchase Agreement dated as of December 20, 2020 and attached hereto as Exhibit A (the "**Purchase Agreement**");

WHEREAS, in connection with the Purchase Agreement, Buyer has agreed to escrow funds into the account of the Escrow Agent (the "**Escrowed Funds**") for the Buyer's purchase of products from the Seller; and

WHEREAS, in accordance with the provisions of this Escrow Agreement, the Escrow Agent is designated to perform the following services pursuant to the terms of this Agreement.

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is agreed and acknowledged, the parties agree as follows:

1. Appointment of Escrow Agent. Buyer and Seller hereby appoint the law firm of McCulley McCluer, LLC, to serve as the Escrow Agent, pursuant to the terms and conditions of this Agreement.

2. Deposit of Escrowed Funds. Pursuant to the terms hereof, the Buyer shall deposit such funds required by the Purchase Agreement. Once funds are deposited into the account of the Escrow Agent, the Escrow Agent shall hold the Escrowed Funds pursuant to the terms of this Agreement.

3. Retention of Escrowed Funds. The Escrow Agent agrees to receive and hold in escrow the Escrowed Funds pursuant to the terms of this Agreement and to perform the acts and duties imposed upon it under the terms and conditions of both this Agreement and the law of the state where such Escrow Funds are held. The Escrow Agent shall not be obligated to keep the Escrowed Funds in an interest-bearing account.

4. Provisions Concerning Escrow Agent.

    a. The Escrow Agent shall, for all purposes of this Escrow Agreement, be treated as and considered legally as custodian. The Escrow Agent shall be entitled to rely, and shall be protected in acting or refraining from acting, upon any instruction, document or instrument furnished to it hereunder and believed by it to be genuine and believed by it to have been signed or presented collectively by Buyer and Seller. Nothing herein contained shall be deemed to impose upon the Escrow Agent any duty to exercise discretion, as the Escrow Agent is not obligated to act except upon written instructions or direction from both parties, which shall include email communications. Upon Escrow Agent's receipt of any and all written instructions to release Escrowed Funds from escrow in accordance with this Agreement, Escrow Agent shall in all instances verbally confirm with each party via telephone the details of such release of Escrowed Funds prior to effectuating such release of Escrowed Funds.

b. The Escrow Agent shall not be liable for any action (or refraining from any action) taken by it in good faith and believed by it to be authorized or within the rights or powers conferred upon it in this Agreement or the law.

c. Buyer and Seller each agree to indemnify and hold the Escrow Agent harmless from and against any and all loss, damage, liability or expense incurred arising out of or in connection with the acceptance of its position as Escrow Agent and the administration of this Escrow Agreement, including the costs and expenses of defending against any claim in connection with the performance of its duties hereunder; provided, however, that the Escrow Agent shall not be indemnified for any loss, damage, liability or expense caused by or arising out of such Escrow Agent's negligence, breach of this Agreement, misconduct or failure to act in good faith.

d. The Escrow Agent is responsible for the safekeeping of the Escrowed Funds, the disbursement and for the delivery of such Escrowed Funds in accordance with this Agreement and the law. The Escrow Agent shall not be required to take any other action with reference to any matters which might arise in connection with the Escrowed Funds or this Escrow Agreement.

e. In the event that any dispute arises among Buyer and Seller regarding this Agreement or the Escrowed Funds, the Escrow Agent, upon notice to the parties, shall have the right to either retain the Escrowed Funds until the Escrow Agent shall have received (i) a non-appealable order of a court of competent jurisdiction directing delivery of the Escrowed Funds; or (ii) a written agreement jointly executed by Buyer and Seller directing delivery of the Escrowed Funds, in which event the Escrow Agent shall disburse the Escrowed Funds in accordance with such order or agreement.

f. The Escrow Agent is instructed and authorized to disregard any and all notices or instructions given to it by any person, firm or corporation other than Buyer and Seller. Notwithstanding, the Escrow Agent shall comply with any order from any court with jurisdiction.

g. If any property held hereunder is at any time attached, garnished, or levied upon under any court order or by federal, state or local taxing authorities, or in case the payment, assignment, transfer, conveyance or delivery of any such property shall be stayed or enjoined by any court order, or in case any order, judgment or decree shall be made or entered by any court affecting such property or any part thereof, then and in any of such events, the Escrow Agent is authorized to rely upon and comply with any such order, writ, levy, judgment or decree which it is advised by legal counsel of its own choosing is binding upon the Escrow Agent; and if the Escrow Agent complies with any such order, writ, levy, judgment or decree, they shall not be liable to any of the parties hereto, or any other person, firm or corporation, by reason of such compliance, even though such order, writ, levy, judgment or decree may be subsequently reversed, modified, annulled, set aside or vacated.

h. The Escrow Agent shall have no responsibility for creating or verifying the accuracy or authentication of any document jointly provided and purported to be signed by authorized agents of the Buyer or Seller.

i. The Escrow Agent may, at any time, resign as such by delivering the Escrowed Funds to any successor Escrow Agent designated by all parties hereto in writing or by any court of competent jurisdiction as provided above. The resignation of the Escrow Agent will take effect on the earlier of (i) the appointment of a successor (including a court of competent jurisdiction), or (ii) the day which is thirty (30) days after the date of delivery of the Escrow Agent's written notice of resignation to the other parties hereto. If, at that time, the Escrow Agent has not received a designation

308541966.2

of a successor Escrow Agent, the Escrow Agent's sole responsibility after that time shall be to retain and safeguard the Escrowed Funds until receipt of a designation of successor Escrow Agent or a joint written disposition instruction by the other parties hereto or a final non-appealable order of a court of competent jurisdiction.

5. No Conflict of Interest. To the extent that any conflict or potential conflict arises, each party hereto, individually and on behalf of such party's successors and assigns, waives any objection thereto. Each party has consulted with counsel, and, after discussion and advice from such counsel and with full knowledge of all relevant facts, each party consents to the Escrow Agent continuing to act as Escrow Agent hereunder. This waiver of conflict extends to consent for the Escrow Agent to represent any party hereto in any action concerning the Agreement.

6. Governing Law and Disputes. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida. Any claims or disputes arising out of this Agreement shall be settled by arbitration in Miami-Dade County, Florida in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The foregoing agreement to arbitrate shall be specifically enforceable, and the award rendered by the arbitrators shall be final and binding on the parties hereto and judgment may be entered upon any such award.

7. Miscellaneous.

   a. All notices and communications hereunder shall be in writing, including email, the sufficiency of which is acknowledge by both parties.

   b. This Agreement may be executed in counterparts, each of which shall be an original, but all of which together shall constitute one and the same instrument, copies shall be deemed the same as the original.

   c. No amendment or modification of this Agreement shall be effective unless it is in writing and signed by both of the parties.

   d. This Agreement shall bind, benefit, and be enforceable by and against each party hereto and their successors, assigns, heirs, administrators and personal representatives. No party shall in any manner assign any of its rights or obligations under this Agreement without the express prior written consent of the other parties.

   e. No waiver with respect to this Agreement shall be enforceable unless in writing and signed by the party against whom enforcement is sought. Except as otherwise expressly provided herein, no failure to exercise, delay in exercising, or single or partial exercise of any right, power or remedy by any party, and no course of dealing between or among any of the parties, shall constitute a waiver of, or shall preclude any other or further exercise of, the same or any other right, power or remedy.

   f. If any provision of this Agreement is construed to be invalid, illegal or unenforceable, then the remaining provisions hereof shall not be affected thereby and shall be enforceable without regard thereto.

**[SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, the parties have signed this Escrow Agreement as of the Effective Date.

SELLER: BLUEHORNE, LLC

By: _____

Its: **Managing Director**

BUYER: EPLUNO GLOBAL SERVICES, LLC

By: _____

Its: MANAGER / Member

Accepted by the ESCROW AGENT:
MCCULLEY MCCLUER, LLC

_____
Stuart McCluer, Esq.

# Exhibit A
# Purchase Agreement